UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

LARRY JOEL BROGAN,

        Petitioner,             Case No. 2:18-cv-60

v.                                Honorable Gordon J. Quist

CONNIE HORTON,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. The Respondent has filed an answer (ECF No. 10) along with the state-court record (ECF Nos. 11-1 through 11-8), pursuant to Rule 5, Rules Governing § 2254 Cases. After reviewing the state court record, I conclude that the petition is barred by the one-year statute of limitations.

I.        <u>Background</u>

Petitioner Larry Joel Brogan is incarcerated with the Michigan Department of Corrections at the Chippewa Correctional Facility (URF) in Kincheloe, Michigan. Petitioner pleaded *nolo contendere* in the Kalamazoo County Circuit Court to first-degree criminal sexual conduct (CSC-I), in violation of Mich. Comp. Laws § 750.520b(1)(a), and using a computer to commit a crime, in violation of Mich. Comp. Laws § 752.797(3)(f). On May 13, 2013, the court sentenced Petitioner to concurrent prison terms of 12 years, 6 months to 25 years for the CSC-I offense and 7 to 20 years for the computer crime offense.

On April 10, 2018, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the

federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). If that date is unknown, the Court may use the date Petitioner signed the petition. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)). Petitioner failed to identify the date he mailed the petition or the date that he signed it. (Pet., ECF No. 1, PageID.12.)

The petition was received by the United States District Court for the Eastern District of Michigan on April 10, 2018. For purposes of this Report and Recommendation, I have used that date. Even if the Court were to work backwards from the date the petition arrived in the Eastern District by a week or two, as an estimate of the time it took the petition to make its way from the Chippewa Correctional Facility, it would not change the Court's analysis.

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner neither sought leave to appeal nor appealed the judgment of conviction and sentence to the Michigan Court of Appeals or the Michigan Supreme Court. Instead, on July 11, 2016, more than three years after entry of judgment, Petitioner filed a motion for relief from judgment in the trial court. (Mot. for Relief from J., ECF No. 11-5.) The trial court promptly denied relief. (Kalamazoo Cty. Cir. Ct. Order, ECF No. 11-6.) Petitioner sought leave to appeal that order in the Michigan Court of Appeals and the Michigan Supreme Court. Those courts denied leave by orders entered January 27, 2017, and December 27, 2017, respectively. (Mich. Ct. App. Order, ECF No. 11-7, PageID.245; Mich. Order, ECF No. 11-8, PageID.277.)

Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*") (emphasis added). Petitioner had six months after May 13, 2013, or until November 13, 2013, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See* Mich. Ct. R. 7.205. Because Petitioner failed to timely seek leave to appeal to the

Michigan Court of Appeals, his conviction became final when his time for seeking leave to appeal in that court expired. *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012) (holding that a defendant's conviction became final when the time for seeking review under Mich. Ct. R. 7.205(F)(3) expired); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time expires for seeking state-court review). Petitioner's period of limitation began to run again after November 13, 2013.

Petitioner had one year from November 13, 2013, to file his habeas application. Petitioner filed his application on April 10, 2018. Obviously he filed more than one year after the period of limitations began to run. Thus, absent tolling, his application is time-barred.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner filed such a motion in the Kalamazoo County Circuit Court on July 15, 2016.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction

motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Because Petitioner's one-year period expired during November of 2014, his collateral motion filed in 2016 did not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence v. Florida*, 549 U.S. 327, 335 (2007); *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to specifically raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d

710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").

Petitioner's habeas challenge is premised on a claim that his plea was invalid because he was unable to make knowing, intelligent, and competent decisions without the assistance of his legal guardian. (Pet. ECF No. 1, PageID.7-8.) Such a challenge invites some consideration of whether Petitioner's lack of competence might serve as an extraordinary circumstance that stood in the way of his timely pursuit of state-court appellate or habeas relief.

In support of his claim of incompetence, Petitioner offers Letters of Guardianship, a psychological evaluation, and a disability determination, all authored ten years before Petitioner entered his plea. (Mot. for Relief from J., ECF No. 11-5, PageID.212-223.) Nonetheless, the trial court denied Petitioner's motion, reasoning as follows:

> Defendant argues that his plea was involuntary because he did not understand the plea or its terms. He supports this with the uncontested assertion that his mother was appointed as his guardian and conservator years before this, and that is evidence of his limited abilities. He does not mention that his competency to stand trial, and all that this entails, was explored before the case was even bound over to circuit court. On June 11, 2012, the Hon. Anne E. Blatchford of the Eighth District Court entered an Order directing the Center for Forensic Psychiatry to perform an evaluation of Defendant, and then, after receiving the report and conducting a hearing, she found Defendant competent to stand trial, and entered an appropriate order.

(Kalamazoo Cty. Cir. Ct. Order, ECF No. 11-6, PageID.239-240.) Petitioner does not contest the trial court's statement that Petitioner was determined to be competent, he simply ignores it. Moreover, Petitioner fails to explain how, by July of 2016, he was able to overcome his incompetence to pursue relief in state court and then in federal court.

6

Petitioner's submissions do not demonstrate that he was pursuing his rights diligently or that he was prevented from that pursuit by some extraordinary circumstance. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 569 U.S. 383, 391-393 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399-400.

In the instant case, although Petitioner may baldly claim that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. The trial court relied upon the victim's testimony from the preliminary examination to provide a factual basis for the court's acceptance of Petitioner's plea. The victim, who was 12-years-old at the time of the crimes, was a cogent and compelling witness. She described multiple instances over a period of a few weeks where Petitioner cajoled her into penile/oral penetration. (Prelim. Exam. Tr., ECF No. 11-2.) Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not

excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Court notes further that Petitioner has still not provided any factual defense to the claims of the victim. If Petitioner were permitted to withdraw his plea, he would face multiple counts of CSC-I violations. Each violation would carry a mandatory minimum of 25-years—double his present minimum sentence. Petitioner did not take this plea because he was uncounseled, poorly counseled, or deprived of contact with his guardian. He took the plea because it offered him a substantial advantage with regard to his minimum sentence.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

III.    Certificate of appealability

Even though I have concluded that Petitioner's habeas petition should be denied, under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

I have concluded that Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

I find that reasonable jurists could not find it debatable whether Petitioner's application was timely. Therefore, I recommend that a certificate of appealability should be denied.

IV. Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied.

Date: March 25, 2019          /s/ *Maarten Vermaat*
                              MAARTEN VERMAAT
                              UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).