# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

LARRY JOEL BROGAN,

        Petitioner,

v.                                                                           Case No. 2:18-CV-60

CONNIE HORTON,                                 HON. GORDON J. QUIST

        Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On March 25, 2019, Magistrate Judge Maarten Vermaat issued a Report and Recommendation (R & R) recommending that the Court deny Petitioner's petition for writ of habeas corpus because it is barred by the one-year statute of limitations in 28 U.S.C. § 2254(d)(1)(A). The magistrate judge concluded that the one-year limitations period expired on November 13, 2014. (ECF No. 13 at PageID.311–12.) The magistrate judge also concluded that Petitioner is not entitled to equitable tolling because he failed to raise the argument or allege any facts supporting its application in this case. (*Id.* at PageID.313.) The magistrate judge did observe, however, that Petitioner might argue that his mental incompetence precluded him from filing a timely petition. Nonetheless, the magistrate judge found any such argument unavailing:

> In support of his claim of incompetence, Petitioner offers Letters of Guardianship, a psychological evaluation, and a disability determination, all authored ten years before Petitioner entered his plea. (Mot. for Relief from J., ECF No. 11-5, PageID.212-223.) Nonetheless, the trial court denied Petitioner's motion, reasoning as follows:
>
>> Defendant argues that his plea was involuntary because he did not understand the plea or its terms. He supports this with the uncontested assertion that his mother was appointed as his guardian and conservator years before this, and that is evidence of his limited abilities. He does not mention that his competency to stand trial, and all that this entails, was explored before the case was even bound over to circuit court. On June 11, 2012, the Hon. Anne E. Blatchford of the Eighth District Court entered an Order directing the

> Center for Forensic Psychiatry to perform an evaluation of Defendant, and then, after receiving the report and conducting a hearing, she found Defendant competent to stand trial, and entered an appropriate order.
>
> (Kalamazoo Cty. Cir. Ct. Order, ECF No. 11-6, PageID.239-240.) Petitioner does not contest the trial court's statement that Petitioner was determined to be competent, he simply ignores it. Moreover, Petitioner fails to explain how, by July of 2016, he was able to overcome his incompetence to pursue relief in state court and then in federal court.

(*Id.* at PageID.314.) Finally, the magistrate judge concluded that Petitioner failed to cite new evidence showing that he is actually innocent of the crimes to which he pled guilty. (*Id.* at PageID.315.)

Petitioner has filed Objections to the R & R, in which he argues that his mental incapacity prevented him from timely filing a habeas petition. (ECF No. 17.) Petitioner also requests a hearing on his incompetence. After conducting a *de novo* review of the R & R and Petitioner's Objections, the Court concludes that the R & R should be adopted.

Petitioner concedes that his petition was untimely, but he argues that the magistrate judge erred in concluding that he fails to show that incompetence caused him to miss the one-year statute of limitations. As Petitioner notes, the Sixth Circuit has recognized that mental incompetence or incapacity that prevents a petitioner from timely filing a federal habeas petition "is an extraordinary circumstance that may equitably toll [the Antiterrorism and Effective Death Penalty Act's (AEDPA)] one-year statute of limitations." *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). A court may grant equitable tolling if the petitioner demonstrates that "(1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations." *Id.* "[A] blanket assertion of mental incompetence is insufficient to toll the statute of limitations." *Id.* Instead, a petitioner must demonstrate "a causal link between the mental condition and untimely filing." *Id.*

In response to the magistrate judge's observation that the trial court found Petitioner competent to stand trial, Petitioner cites records from his mental health providers from 2003 and 2005, noting that he was "'not seen as capable of effectively functioning in the workplace, in the family, or over the long term even in social interactions with peers,'" (ECF No. 17 at PageID.333 (quoting ECF No. 17-1 at PageID.347)), and suffered from "'chronic and severe mental disorder[s],'" and "'poor focus of attention and poor auditory attention," making it "difficult for [Petitioner] to do tasks requiring sustained effort." (*Id.* at PageID.333–34.) Petitioner notes that his diagnosed mental disorders are chronic and severe and persisted as of the time Petitioner was determined competent to stand trial. Petitioner argues that his impairments precluded him from filing a habeas petition without any assistance. Petitioner further notes that, as of the date he filed his Objections, no court had issued an order amending, modifying, or rescinding the probate court's 2003 order appointing Petitioner's mother as his full legal guardian. (*Id.* at PageID.335–36.) Finally, addressing the magistrate judge's statement that Petitioner failed to explain how, by July of 2016, he was able to overcome his impairments to pursue relief in state court and then in this federal court, Petitioner notes that in 2016, he overheard another prisoner discussing the Michigan Department of Corrections (MDOC) Legal Writer Program, which prompted Petitioner to ask for assistance in pursuing collateral relief.

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474, 127 S. Ct. 1933, 1940 (2007). A defendant who claims mental incompetence as a basis for equitable tolling is not entitled to a hearing "as matter of right," but "an evidentiary hearing is required when

3

sufficiently specific allegations would entitle the petitioner to equitable tolling on the basis of mental incompetence which caused the failure to timely file." *Ata*, 662 F.3d at 742.

Although Petitioner has arguably identified his mental incompetence as a circumstance that prevented him from timely filing a habeas petition, a petitioner who asserts equitable tolling must still show that "he has been pursuing his rights diligently." *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted). In *Bills v. Clark*, 628 F.3d 1092 (9th Cir. 2010), the Ninth Circuit held that, for purposes of mental impairment, the equitable tolling calculus must account for the petitioner's "reasonably available access to assistance." *Id.* at 1100. As Petitioner acknowledges in his Objections, Petitioner located assistance in the form of the Legal Writer Program in 2016. In fact, as Petitioner concedes, Petitioner asked for assistance as soon as he heard about the legal writer program. However, the Legal Writer Program has been in existence for years, *see Brown v. Paletta*, No. 1:13-CV-1183, 2013 WL 6237963, at *1 n.2 (W.D. Mich. Dec. 3, 2013) (noting that "[t]he MDOC has established a legal writer program whereby prisoners can be trained to provide assistance to other prisoners who are unable to effectively help themselves in the preparation of legal materials"), and Petitioner provides no reason why he could not have discovered the program much earlier. In fact, the program is expressly set forth in MDOC Policy Directive 05.03.116 ¶¶ R–V. Had Petitioner simply asked for assistance in preparing a habeas petition based on his mental impairment, he would have been directed to the Legal Writer Program. *Id.* ¶S.3.

Accordingly, Plaintiff is not entitled to equitable tolling because he failed to diligently pursue his rights.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a

"substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's petition as untimely, including the Court's decision not to apply equitable tolling, was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued March 25, 2019 (ECF No. 13) is **APPROVED AND ADOPTED** as the Opinion of this Court. Petitioner's Objections (ECF No. 17) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED** because it is barred by the one-year statute of limitations.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED**.

This case is **concluded**.

Dated: May 13, 2019                               /s/ Gordon J. Quist
                                                              GORDON J. QUIST
                                                     UNITED STATES DISTRICT JUDGE